**UNITED STATES of America,**
**Appellee,**

v.

**Albert ALVARADO, Defendant–**
**Appellant.**

No. 04–2769.

United States Court of Appeals, Second Circuit.

June 1, 2005.

---

Robert J. Boyle, Law Office of Robert J. Boyle, New York, NY, for Appellant.

Barbara D. Underwood, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY (Pamela K. Chen, Assistant United States Attorney, Taryn A. Merkl, United States Attorney for the Eastern District of New York on the brief), for Appellee.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

* The Honorable Frederic Block, District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Alberto Alvarado appeals the judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), which sentenced Alvarado principally to sixty years and five months imprisonment. The sentence was imposed after Alvarado's plea of guilty to (1) conspiring to assault with a dangerous weapon members and associates of rival gangs as part of a criminal enterprise in violation of 18 U.S.C. § 1959(a)(6); (2) two counts of using and carrying a firearm during and in relation to a crime of violence; and (3) conspiracy to distribute and possess fifty grams or more of a substance containing cocaine base and one hundred grams or more of a substance containing heroin.

We assume the parties' familiarity with the facts, underlying proceedings, and specification of appellate issues, and hold as follows:

■ (1) Alvarado contends that the district judge was required to recuse himself based on "excessive and unsupported findings" he made concerning Alvarado's credibility as a cooperating witness at the trial of Angel D'Angelo for the murder of Thomas Palazzotto. Because the district judge made these findings during a judicial proceeding and defendant has failed to demonstrate that the judge evinced an antagonism toward him that would make a fair sentencing impossible, as opposed to concerns about the government attorney's conduct, there is no basis for requiring recusal. *See Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

■ (2) Alvarado also argues that the district court should have directed the government to make a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and that the government's refusal to do so was made in bad faith. The bad faith allegation is premised on the government's alleged violation of Alvarado's right to counsel during questioning that followed the administration of a polygraph test. In the view of the polygrapher, this test demonstrated that Alvarado deceptively answered several questions concerning his role in the Palazzotto murder. Alvarado's counsel waived her right to be present at this test but emphasized her understanding that no other questioning would occur. Nevertheless, government agents questioned Alvarado after the polygraph exam, and he implicated himself in the Palazzotto murder. Despite this arguably overreaching behavior, we affirm because the results of the polygraph test coupled with spontaneous statements made by Robert Alvarado gave the government an adequate good faith basis for denying a substantial assistance motion.

■ (3) Because the district court enhanced Alvarado's sentence on bases not found by the jury or admitted by Alvarado and treated the Guidelines as mandatory, it erred. *See United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005). Based on this understandable error—*Booker* was decided after sentence was imposed in this case—we would ordinarily remand to allow the district court to determine whether it would impose substantially the same sentence under the new non-mandatory regime. *See United States v. Crosby*, 397 F.3d 103, 119 (2d Cir.2005). However, Alvarado also identifies an error in the application of the Guidelines. Because the Guidelines remain relevant, albeit not mandatory, in the imposition of a sentence, and because the erroneous application results in a substantial difference in the potential sentencing range under the Guidelines, we exercise our discretion to reach the error, and vacate and remand for resentencing. *United*

*States v. Savarese,* 404 F.3d 651, 654 (2d Cir.2005); *see also United States v. Fagans,* 406 F.3d 138, 141 (2d Cir.2005) (stating that we have discretion as to whether to address Guidelines calculations where an unpreserved *Booker* error has occurred).

■ (4) Alvarado argues that the district court erred both by failing to give him prior notice of Guidelines calculations not contained in the pre-sentence report ("PSR") and by finding facts adverse to him with respect to those calculations. Alvarado did not object to the obstruction-of-justice enhancement or to the corollary denial of credit for acceptance of responsibility. Because these rulings are not plainly erroneous, we do not reach them. *See* Fed.R.Crim.P. 52(b).

Alvarado's objection to the district court's imposition of a four-level enhancement, pursuant to U.S.S.G. § 3B1.1(a), for Alvarado's leadership role in the narcotics conspiracy has more merit. Although the court imposed this enhancement on the narcotics count, it appeared to rely principally on Alvarado's role in various assaults and in the Palazzotto murder. Neither the government nor the Probation Department argued that Alvarado played a leadership role in the narcotics conspiracy.

Nevertheless, the government now argues that the court was permitted to consider Alvarado's relevant conduct pursuant to U.S.S.G. § 1B1.3(a)(2). However, this guideline permits consideration of "acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction" only "with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts." Alvarado's convictions on the assault conspiracy and the narcotics charge could not be grouped under this guideline because the assault "offense level is [not] determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm," and "the offense behavior is [not] ongoing or continuing in nature." U.S.S.G. § 3D1.2(d); *see also* U.S.S.G. §§ 2E1.3(a)(2) (violent crimes in aid of racketeering activity), 2A2.2 (aggravated assault). Therefore, conduct from the assault conspiracy is not relevant to determining Alvarado's leadership role in the narcotics conspiracy. In addition, because the Palazzotto murder could not be grouped with the narcotics conspiracy, *see* U.S.S.G. §§ 2E1.3, 2A1.5 (conspiracy to commit murder), the court could not consider this conduct in determining Alvarado's role in the narcotics conspiracy.

The record before us does not suggest that Alvarado played a leadership role in the narcotics conspiracy. However, that record is not complete; that is, we do not have the transcripts of the D'Angelo trial on which the court relied. It may be that the testimony at the D'Angelo trial, with which the district court was intimately familiar, or the proffers that Alvarado and his co-conspirators made to the government, provide a basis for finding that Alvarado "was an organizer or leader of a [narcotics conspiracy] that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). Therefore, in resentencing, the district court should first decide whether the leadership enhancement applies based solely on the role Alvarado played in the narcotics conspiracy. It should then determine a reasonable sentence, taking the Guidelines into consideration along with the other factors set out in 18 U.S.C. § 3553(a) but not treating the Guidelines as mandatory. *United States v. Crosby,* 397 F.3d at 110–14.

(5) We have examined Alvarado's remaining contentions and found that they lack merit.

For the reasons discussed, we vacate and remand to the district court for further proceedings in conformity with this opinion.