**UNITED STATES of America,**
**Appellee,**

v.

**Alberto ALVARADO, Defendant–**
**Appellant.**

**No. 07–3316–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 29, 2008.

Randall D. Unger, Bayside, N.Y., for Appellant.

Benton J. Campbell, U.S. Atty., David C. James, Whitman G.S. Knapp, Asst. U.S. Attys., Brooklyn, N.Y. for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. DEBRA A. LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Alberto Alvarado appeals from the July 31, 2007, judgment of the District Court, sentencing him primarily to imprisonment for sixty years and five months, following his plea of guilty to conspiracy to commit assault in aid of racketeering, 18 U.S.C. § 1959(a)(6) (Count One), using and carrying a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Two and Three), and conspiracy to distribute in excess of 50 grams of cocaine base and in excess of 100 grams of heroin, 21 U.S.C. § 841(b)(1)(A)(iii) (Count Four). We assume the parties' familiarity with the facts.

On a prior appeal, we remanded to the District Court solely for reconsideration of a four-level leadership enhancement, *see* U.S.S.G. § 3B1.1, which increased the adjusted offense level with respect to Count Four. *See United States v. Alvarado,* 134 Fed.Appx. 461 (2d Cir.2005). On remand, the District Court clarified that the enhancement was imposed solely with respect to the narcotics conspiracy, and not with respect to a separate assault conspiracy. The Court therefore reimposed the original sentence.

Alvarado challenges the leadership enhancement as insufficiently supported by the evidence. We reject that claim. The enhancement was adequately supported by the testimony of Edward Maggiore. The District Court's finding that the narcotics conspiracy included at least five participants is not clearly erroneous.

Although the sentence of sixty years and five months is severe, we cannot say that it is unreasonable, especially in light of the fact that Alvarado was subject to mandatory minimum consecutive sentences of five and twenty-five years with respect to Counts Two and Three, respectively, and a ten-year mandatory minimum sentence with respect to Count Four. However, as the Government acknowledges, the Guidelines sentence on Count Four, which exceeded the mandatory minimum, was largely determined by the amount of crack cocaine distributed by the narcotics conspiracy, and a remand of the sentence on Count Four is appropriate in view of *Kimbrough v. United States,* — U.S. —, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). *See United States v. Regalado,* 518 F.3d 143 (2d Cir.2008).

Accordingly, the sentences on Counts One, Two, and Three are affirmed, and the sentence on Count Four is remanded for reconsideration.